UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: WILTON ARMETALE, INC., | : | Case No. 16-16779REF |
| a/k/a WAPITA, INC., | : | Chapter 7 |
| Debtor | : | |
| ------------------------------------------------- | | |
| WILTON ARMETALE, INC., | : | |
| a/k/a WAPITA, INC., | : | |
| Plaintiff | : | |
| v. | : | Adv. No. 18-212 |
| IVAN L. JEFFERY, | : | |
| Defendant | : | |

# ORDER

AND NOW, this 20 day of November, 2018, upon my consideration of Defendant's Motion To Dismiss Complaint and the briefs filed by the parties,

AND upon my review of Defendant's Motion and brief, in which he argues that the Complaint fails to state a claim upon which relief may be granted[1] because the claims raised in the Complaint are "all but identical to,"[2] and duplicative of, the claims raised by the Plaintiff in <u>Artesanias Hacienda Real S.A. de C.V. v. Jeffery</u>, Adv. No. 17-28JKF (16-15037REF),

---

[1] <u>See</u> Fed. R. Civ P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b).
[2] Defendant's brief in support of Motion To Dismiss, filed on October 30, 2018 (docket entry 10), at p. 5

AND upon my review of the complaint docketed at Adv. No. 17-28JKF that the claims raised and relief sought in that proceeding are not "all but identical to," and duplicative of the claims raised in this proceeding,[3]

IT IS HEREBY ORDERED that Defendant's Motion To Dismiss is DENIED.[4]

IT IS FURTHER ORDERED that Defendant shall file a Response to the Complaint within twenty (20) days of the date of this Order.

BY THE COURT

_____
RICHARD E. FEHLING
Chief United States Bankruptcy Judge

---

[3] In Artesanias' complaint docketed at 17-28JKF, Artesanias, seeks (i) to deny Jeffery's discharge under 11 U.S.C. §727(a)(2), (3) and (4), (ii) to determine that the debt owed by Jeffery to Artesanias is nondischargeable under 11 U.S.C. §523(a)(6), or (iii) dismissal of Jeffery's main bankruptcy pursuant to 11 U.S.C. §521(e). The complaint now before me, on the other hand, seeks at least $531,520 in compensatory damages and at least $950,000 in punitive damages against Jeffery based on his alleged breach of fiduciary duty, constructive fraud, fraudulent concealment and actual fraud. I therefore conclude that the claims raised in the two proceedings are clearly not "all but identical to" and duplicative of each other. While the basis for the claims (and the facts that must be established to prevail on the complaints) may be similar, this does not mean that the complaint before me must be dismissed because it fails to state a claim upon which relief may be granted. It may, however, be a basis to discuss whether this adversary proceeding might be administratively consolidated with Judge FitzSimon's case at Adv. No. 17-28JKF for purposes of creating a consolidated record and conducting a consolidated trial.

[4] Defendant's brief also raises certain inconsequential, miscellaneous matters. Defendant claims that Plaintiff did not file a proof of claim in the Jeffery main bankruptcy case. Defendant then concedes, however, that filing a proof of claim after the bar date is not grounds for disallowance of the claim. See Defendant's brief at p.7. Defendant also states in his brief that Plaintiff failed to file a complaint in the Jeffery bankruptcy case objecting to Jeffery's discharge. While this may be true, it is not grounds to dismiss this Complaint for failure to state a claim upon which relief may be granted.