## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  WILTON ARMETALE, INC. a/k/a WAPITA, INC.,<br>　　　　Debtor | Chapter 7<br>Case No. 16-16779-REF |
| WILTON ARMETALE, INC. a/k/a WAPITA, INC.,<br>　　　　Plaintiff<br>　　vs.<br>IVAN L. JEFFERY,<br>　　　　Defendant | Adversary No. 18-00212-REF |

**MOTION OF DEFENDANT, IVAN L. JEFFERY, FOR STAY OF PROCEEDINGS**

AND NOW COMES the Defendant, Ivan L. Jeffery, by and through his counsel, Charles J. Phillips, Esquire, Eden R. Bucher, Esquire and Leisawitz Heller Abramowitch Phillips, P.C., and in support of his Motion for Stay of Proceedings respectfully represents as follows:

1. The Debtor/Plaintiff, Wilton Armetale, Inc. a/k/a Wapita, Inc., filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code on September 26, 2016, and was granted an Order for Relief thereon.

2. David A. Eisenberg, Esquire ("Trustee Eisenberg") was appointed as Chapter 7 Trustee of the Debtor's Bankruptcy Estate on September 27, 2016, and continues to serve in that capacity.

3. On or about July 15, 2016 (the "Defendant's Petition Date"), the Defendant filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania to Case No. 16-15037 (the "Defendant's Bankruptcy Case") and was granted an Order for Relief thereon.

{01335532 }

4. Lynn E. Feldman, Esquire ("Trustee Feldman") was appointed as Chapter 7 Trustee of the Defendant's Bankruptcy Estate on July 18, 2016 and continues to serve in that capacity.

5. On September 14, 2018, following the abandonment by Trustee Eisenberg of certain claims against the Defendant, the Debtor/Plaintiff filed a Complaint for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment in this adversary proceeding against the Defendant (the "Complaint").

6. The Complaint contains claims against the Defendant for a breach of fiduciary duty alleged by the Debtor/Plaintiff to be owed by the Defendant to the Debtor/Plaintiff and its creditors, constructive fraud and fraud/fraudulent concealment relating to the sale of the Debtor/Plaintiff's assets to Gordon Brothers, the entering into of an amendment to the Junior Participation Agreement with North Mill Capital by the Defendant, and the Defendant's failure to contest the entry of a confessed judgment against Wilton by North Mill Capital (collectively, the "Pre-Petition Claims).

7. The Complaint also alleges that the Defendant's counsel made certain misrepresentations regarding the existence of other buyers for the assets of the Debtor/Plaintiff, and that the Defendant fraudulently concealed evidence thereof during the discovery conducted in another adversary proceeding (the "Post-Petition Claims").

8. The Pre-Petition Claims are based upon alleged actions taken by the Defendant prior to the Defendant's Petition Date, and are therefore pre-petition claims against the Defendant.

7. The Debtor/Plaintiff is currently owned by Mega Living, S. de R.L. de C.V., an affiliate of Artesanias Hacienda Real S.A. de C.V. ("Artesanias").

2

{01335532 }

8. Artesanias is the largest creditor in the Defendant's Bankruptcy Case, and is represented by the Debtor/Plaintiff's counsel, Barry L. Goldin, Esquire and John R.K. Solt, Esquire (collectively "Artesanias Counsel").

9. Artesanias Counsel filed the Debtor/Plaintiff's bankruptcy petition, and file joint pleadings on behalf of Artesanias and the Debtor/Plaintiff. *See, e.g.*, Objections of Parties in Interest Artesanias Hacienda Real S.A. de C.V. and Wilton Armetale, Inc. a/k/a Wapita, Inc. to Improper Reply of the Chapter 7 Trustee (Lynn E. Feldman) as to Her Motion for an Order Authorizing and Approving a Settlement Agreement with Debtor Ivan L. Jeffery and His Wife Wilhelmina Jeffery filed on November 19, 2018 to Doc. No. 218 in the Defendant's Bankruptcy Case.

10. On January 19, 2017, Artesanias filed a Complaint to Deny Debtor Discharge and to Dismiss Bankruptcy Case in Adversary No. 17-28 in the Defendant's Bankruptcy Case (the "Artesanias Adversary"), seeking a denial of the Defendant's Discharge and a dismissal of the Defendant's Bankruptcy Case.

11. In Count V of the Complaint filed in the Artesanias Adversary, Artesanias claims that the Defendant caused it willful and malicious injury due to an alleged breach of fiduciary duty owed by the Defendant to the Debtor/Plaintiff and its creditors, the Defendant's acquiescence in the sale of the assets of the Debtor/Plaintiff to Gordon Brothers, the entering into of an amendment to the Junior Participation Agreement with North Mill Capital by the Defendant, and the Defendant's failure to contest the entry of a confessed judgment against the Debtor/Plaintiff by North Mill Capital (the "Count V Claims").

12. The Pre-Petition Claims and the Count V Claims are based upon the same set of facts, all of which occurred prior to the filing of the Defendant's Bankruptcy Case.

{01335532 }

13. The parties' Joint Pretrial Statement in the Artesanias Adversary is due on February 25, 2019, and the Defendant believes that the trial in that matter will be scheduled shortly thereafter.

14. In the event that the Defendant prevails in the Artesanias Adversary, the Pre-Petition Claims will be discharged, thereby greatly narrowing the causes of action and issues for trial in this action.

15. The Defendant believes, and therefore avers, that in the event that this action is allowed to continue prior to the trial in the Artesanias Adversary, Artesanias Counsel will use both this action and the Artesanias Adversary to conduct duplicative discovery, both written and oral, of the same parties and witnesses.

16. For example, Artesanias Counsel will seek to take the depositions of the same individuals in this action that have already been, or are scheduled to be, deposed in the Artesanias Adversary, and due to the fact that the Pre-Petition Claims and the Count V Claims are based upon the same set of facts, such depositions will be onerous at best.

17. No prejudice will be suffered by the Debtor/Plaintiff if a stay of proceedings in this action is granted until the final adjudication of the Artesanias Adversary due to the fact that the Debtor/Plaintiff will be privy to all of the discovery in the Artesanias Adversary through Artesanias Counsel, thereby allowing the Debtor/Plaintiff the ability to utilize same to prepare its case in the event that Artesanias is successful in the Artesanias Adversary.

18. In addition, given the fact that trial in the Artesanias Adversary will in all likelihood occur within the next six months, the requested stay of proceedings in this matter will be relatively short.

{01335532 }

19. A stay of the proceedings in this matter pending the final adjudication of the Artesanias Adversary will result in a significant savings of resources of both the parties and this Honorable Court.

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court enter an Order granting the Defendant's Motion for Stay of Proceedings and staying all proceedings in this action pending the final adjudication of the Artesanias Adversary, and grant such other and further relief as the Court deems just.

Respectfully submitted,

LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.

Dated: December 11, 2018       By:    */s/ Charles J. Phillips*
                                      Charles J. Phillips, Esquire
                                      2755 Century Boulevard
                                      Wyomissing, PA 19610
                                      Phone: 610-372-3500
                                      Fax: 610-372-8671
                                      Attorneys for Defendant, Ivan L. Jeffery

{01335532 }