UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WILTON ARMETALE, INC. a/k/a WAPITA, INC., <br>         Debtor | Chapter 7 <br><br> Case No. 16-16779-REF |
| WILTON ARMETALE, INC. a/k/a WAPITA, INC., <br>         Plaintiff <br> vs. <br> IVAN L. JEFFERY, <br>         Defendant | Adversary No. 18-00212-REF |

**RESPONSE AND OPPOSITION OF PLAINTIFF WILTON ARMETALE, INC. A/K/A WAPITA, INC. TO REPRESENTATIONS OF DEFENDANT DEBTOR IVAN L. JEFFERY'S MOTION FOR STAY OF PROCEEDINGS**

Plaintiff Wilton Armetale, Inc. a/k/a Wapita, Inc. ("Wilton"), by and through its counsel, hereby responds to and opposes specific representations in the improvident Motion [Doc. 16 *et seq.*] of defendant debtor Ivan L. Jeffery ("Jeffery") for "Stay of Proceedings".

This Opposition is supported by and should be read in conjunction with Wilton's concurrently-filed Request for Judicial Notice and the exhibits thereto.

Defendant Jeffery's "stay" motion should be denied as (among other things):

(i) Wilton is a separate company from Artesanias Hacienda Real S.A. de C.V. ("Artesanias"); Wilton does not intend to take duplicate discovery in this action of that already taken by Artesanias; and, in the unlikely event of any such improper attempt to conduct duplicative discovery, that could be dealt with then by motion for protective order;

1

(ii) the instant action involves a series of fact issues as to which depositions and discovery will be taken from a series of non-party witnesses (such as Vagabond House located in California, North Mill Capital located in New Jersey, Lifetime Brands located in New York, Gordon Brothers located in Massachusetts, Michael Yayac/Strategic Resources located in Reading, and Leisawitz Heller located in Wyomissing), as to misconduct alleged in plaintiff's Complaint;

(iii) those same and related fact issues are pleaded in and will be subject to discovery in (among other things) the adversary proceeding before Judge FitzSimon entitled *David A. Eisenberg, as Chapter 7 Trustee of Wilton Armetale, Inc. aka WAPITA, Inc. v. Leisawitz Heller Abramowitch Phillips, P.C., d/b/a Leisawitz Heller, Charles J. Phillips, Esquire and Eden R. Bucher, Esquire*, Adv. Proc. 17-312-JKF [Request for Judicial Notice Ex. 3B (Judge FitzSimon Opinion) & 3C], and the adversary proceeding entitled *Wilton Armetale, Inc. aka WAPITA, Inc. v. Gordon Brothers Commercial & Industrial, LLC*, Adv. Proc. 18-200-REF [Request for Judicial Notice, Ex. 4 (Complaint)]

(iv) in order to avoid duplicative depositions and discovery of non-party witnesses, discovery in this action should dove-tail with depositions and discovery of those witnesses as to common fact issues in and with those other proceedings; but that discovery cannot so dovetail if this proceeding is stayed while depositions and other discovery is being had in those other adversary proceedings;

(v) contrary to Jeffery's stay motion, key and integral elements pleaded in Wilton's Complaint in the instant action are post-petition misrepresentations, omissions and fraudulent concealment of and on behalf of defendant Jeffery – those misrepresentations, omissions and fraudulent concealment occurred after, and so were not

2

the subject of, Artesanias' pre-petition April 2016 judgment for more than $900,000 against Jeffery [Request for Judicial Notice, Ex. 1 (April 29, 2016 Judgment entered in the U.S. District Court against Jeffery for "account stated" and "breach of guaranty/suretyship agreement")]; then continued through and after January 19, 2017; and thus could not have been included in Artesanias' January 19, 2017 Complaint in the adversary action to Deny Jeffery Discharge [Adv. Proc. 17-28]; and

(vi) Jeffery's moving papers are not supported by admissible evidence and cite no applicable law.

### WILTON'S RESPONSE TO REPRESENTATIONS IN DEBTOR JEFFERY'S IMPROVIDENT MOTION TO DISMISS.

In light of and taking into account (among other things) the matters stated, described, cited or otherwise referenced above, plaintiff Wilton responds to specific representations in defendant Jeffery's Motion for Stay as follows:

*Defendant Debtor Jeffery ¶1. The Debtor/Plaintiff, Wilton Armetale, Inc. a/k/a Wapita, Inc. filed a Petition for Relief under Chapter 7 of the United States Bankruptcy code on September 26, 2016, and was granted an Order for Relief thereon.*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶2. David A. Eisenberg ("Trustee Eisenberg") was appointed as Chapter 7 Trustee of the Debtor's Bankruptcy Estate on September 27, 2016, and continues to serve in that capacity.*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶3. On or about July 15, 2016 (the "Defendant's Petition Date"), the Defendant filed a Chapter 7 Bankruptcy in the United States Bankruptcy court for the Eastern District of Pennsylvania to Case No. 16-15037 (the "Defendant's Bankruptcy Case") and was granted an Order for Relief thereon.*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶4. Lynn E. Feldman, Esquire ("Trustee Feldman") was appointed as Chapter 7 Trustee of the Defendant's Bankruptcy Estate on July 18, 2016 and continues to serve in that capacity.*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶5. On September 14, 2018, following the abandonment by Trustee Eisenberg of certain claims against the Defendant, the Debtor/Plaintiff filed a Complaint for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment in the adversary proceeding against the Defendant (the "Complaint").*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶6. The Complaint contains claims against the Defendant for a breach of fiduciary duty alleged by the Debtor/Plaintiff to be owed by the Defendant to the Debtor/Plaintiff and its creditors, constructive fraud and fraud/fraudulent concealment relating to the sale of the Debtor/Plaintiff's assets to Gordon Brothers, the entering into of an amendment to the Junior Participation Agreement with North Mill Capital by the Defendant, and the Defendant's failure to contest the entry of a confessed judgment against Wilton by North Mill Capital (collectively, the "Pre-Petition Claims").*

Plaintiff Wilton Response. Admitted that Defendant provides a partial, but incomplete, summary of certain of the claims asserted in Plaintiff Wilton's Complaint.

*Defendant Debtor Jeffery ¶7. The Complaint also alleges that the Defendant's counsel made certain misrepresentations regarding the existence of other buyers for the assets of the Debtor/Plaintiff, and that the Defendant fraudulently concealed evidence thereof during the discovery conducted in another adversary proceeding (the "Post-Petition Claims").*

Plaintiff Wilton Response. Admitted that Defendant provides a partial, but incomplete, summary of certain of the claims asserted in Plaintiff Wilton's Complaint.

*Defendant Debtor Jeffery ¶8. The Pre-Petition Claims are based upon alleged actions taken by the Defendant prior to the Defendant's Petition Date, and are therefore pre-petition claims against the Defendant.*

Plaintiff Wilton Response. Denied. Included in and asserted as an integral part of the claims in the Complaint is post-petition misconduct (including without limitation post-petition material misrepresentations at Defendant's 341 proceedings and at

4

subsequent hearings in Defendants' bankruptcy proceedings and other omissions and fraudulent concealment). See for instance Complaint ¶¶91-96, and also repeated in each of the claims in the Complaint [¶¶103(viii) & (ix), 105(c) & (d), 113(viii) & (ix), 115(c) & (d), 122(viii) & (ix) & 125(c) & (d).

*Defendant Debtor Jeffery ¶7. The Debtor/Plaintiff is currently owned by Mega Living S. de R.L. de C.V., an affiliate of Artesanias Hacienda Real S.A. de C.v. ("Artesanias").*

Plaintiff Wilton Response. Admitted that Plaintiff Wilton is currently owned by Mega Living S.de R.L., which is an affiliate of Artesanias.

*Defendant Debtor Jeffery ¶8. Artesanias is the largest creditor in the Defendant's Bankruptcy Case, and is represented by the Debtor/Plaintiff's counsel, Barry L. Goldin, Esquire and John R.K. Solt, Esquire (collectively "Artesanias Counsel").*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶9. Artesanias Counsel filed the Debtor/Plaintiff's bankruptcy petition, and file joint pleadings on behalf of Artesanias and the Debtor/Plaintiff. See, e.g., Objections of Parties in Interest Artesanias Hacienda Real S.A. de C.V. and Wilton Armetale, Inc. a/k/a Wapita, Inc. to Improper Reply of the Chapter 7 Trustee (Lynn E. Feldman) as to Her Motion for an Order Authorizing and Approving a Settlement Agreement with Debtor Ivan L. Jeffery and His Wife Wilhelmina Jeffery filed on November 19, 2018 to Doc. No. 218 in the Defendant's Bankruptcy Case.*

Plaintiff Wilton Response. Denied that attorney Goldin filed Wilton's bankruptcy petition. Otherwise admitted.

*Defendant Debtor Jeffery ¶10. On January 19, 2017, Artesanias filed a Complaint to Deny Discharge and to Dismiss Bankruptcy case in Adversary No. 17-28 in the Defendant's Bankruptcy Case (the "Artesanias Adversary"), seeking a denial of the Defendant's Discharge and a dismissal of the Defendant's Bankruptcy Case.*

Plaintiff Wilton Response. Admitted.

*Defendant Debtor Jeffery ¶11. In Count V of the Complaint filed in the Artesanias Adversary, Artesanias claims that the Defendant caused it willful and malicious injury due to an alleged breach of fiduciary duty owed by the Defendant to the Debtor/Plaintiff and its creditors, the Defendant's acquiescence in the sale of the assets*

5

*of the Debtor/Plaintiff to Gordon Brothers, the entering into of an amendment to the Junior Participation Agreement with North Mill Capital by the Defendant, and the Defendant's failure to contest the entry of a confessed judgment against the Debtor/Plaintiff by North Mill Capital (the "Count V Claims").*

Plaintiff Wilton Response. Wilton denies that Jeffery ¶11 is a complete or accurate summary of the claims asserted by Artesanias in Count V of the Complaint.

*<u>Defendant Debtor Jeffery ¶12</u>. The Pre-Petition Claims and the Count V Claims are based upon the same set of facts, all of which occurred prior to the filing of the Defendant's Bankruptcy Case.*

Plaintiff Wilton Response. Denied that all of the Count V Claims occurred prior to the filing of the Defendant's Bankruptcy Case. In Wilton's instant adversary against defendant debtor Jeffery, see Wilton's Complaint ¶¶91-96, 103(viii) & (ix), 105(c) & (d), 113(viii) & (ix), 115(c) & (d), 122(viii) & (ix) & 125(c) & (d).

*<u>Defendant Debtor Jeffery ¶13</u>. The parties' Joint Pretrial Statement is due on February 25, 2019, and the Defendant believes that the trial in the matter will be scheduled shortly thereafter.*

Plaintiff Wilton Response. Admitted the Joint Pretrial Statement is due on February 25, 2019. Otherwise Denied. Rather, the Revised Pretrial Schedule in Adv. Proc. 17-28 requires that "all motions for summary judgment be filed on or before Wednesday, January 30, 2019" [Request to Take Judicial Notice, Ex. 2 ¶C]; plaintiff Artesanias intends in that adversary action to so file on or before that January 30, 2019 date, Artesanias' summary judgment motion, which Artesanias believes will be granted and which, if granted, would result in entry of judgment denying debtor Jeffery discharge.

*<u>Defendant Debtor Jeffery ¶14</u>. In the event that the Defendant prevails in the Artesanias Adversary, the Pre-Petition Claims will be discharged, thereby greatly narrowing the causes of action and issues for trial in this action.*

Plaintiff Wilton Response. Denied. The Revised Pretrial Schedule in Adv. Proc. 17-28 requires that all motions for summary judgment be filed on or before January 30, 2019 [Request to Take Judicial Notice, Ex. 2¶C]. In Adv. Proc. 17-28, plaintiff Artesanias intends to so file on or before that January 30, 2019 date, Artesanias' summary judgment motion, which Artesanias believes will be granted and which, if granted, would result in entry of judgment denying debtor Jeffery discharge.

*Defendant Debtor Jeffery ¶15. The Defendant believes, and therefore avers, that in the event that this action is allowed to continue prior to the trial in the Artesanias Adversary, Artesanias Counsel will use both this action and the Artesanias Adversary to conduct duplicative discovery, both written and oral, of the same parties and witnesses.*

Plaintiff Wilton Response. Denied. Plaintiff Wilton has no intention of conducting, and defendant Jeffery has no grounds or basis on which to allege, any such duplicative discovery. Moreover, in the unlikely event Wilton sought to take duplicative discovery, defendant Jeffery could file a motion for a protective order.

*Defendant Debtor Jeffery ¶16. For example, Artesanias Counsel will seek to take the depositions of the same individuals in this action that have already been, or are scheduled to be, deposed in the Artesanias Adversary, and due to the fact that the Pre-Petition Claims and the Count V Claims are based upon the same set of facts, such depositions will be onerous at best.*

Plaintiff Wilton Response. Denied. Plaintiff Wilton has no intention of conducting, and defendant Jeffery has no grounds or basis on which to allege, any such duplicative deposition discovery. Moreover, in the unlikely event Wilton sought to take duplicative discovery, defendant Jeffery could file a motion for a protective order.

*Defendant Debtor Jeffery ¶17. No prejudice will be suffered by the Debtor/Plaintiff if a stay of proceedings in this action is granted until the final adjudication of the Artesanias Adversary due to the fact that the Debtor/Plaintiff will be privy to all of the discovery in the Artesanias Adversary through Artesanias Counsel, thereby allowing the Debtor/Plaintiff the ability to utilize same to prepare its case in the event that Artesanias is successful in the Artesanias Adversary.*

7

Plaintiff Wilton Response. Denied. As describe in the Preface above, deposition and other discovery of witnesses will be proceeding as to common issues of fact in (among other things) a series of adversary cases, including *David A. Eisenberg, Chapter 7 Trustee of Wilton Armetale, Inc. aka WAPITA, Inc. v. Leisawitz Heller et al,* 17-312-JKF [Request for Judicial Notice Ex.s 3A-3D], and the adversary proceeding in this court entitled *Wilton Armetale, Inc. aka WAPITA, Inc. v. Gordon Brothers Commercial, Adv. Proc.* Adv. Proc. 18-200-REF [Ex. 4]. A stay of proceedings could deny Wilton the opportunity to participate in that deposition and other discovery; thereby lead to or entail subsequent duplicative deposition and other discovery inconvenient to witnesses; and, in any event, delay proceedings in the instant action, all to the detriment and prejudice of plaintiff Wilton.

*<u>Defendant Debtor Jeffery ¶18.</u> In addition, given the fact that trial in the Artesanias Adversary will in all likelihood occur within the next six months, the requested stay of proceedings in this matter will be relatively short.*

Plaintiff Wilton Response. Denied. On the one hand, Artesanias intends to file a summary judgment motion against Jeffery in the Adversary Action on or before January 30, 2019; if granted, Jeffery will be denied discharge; and if denied and taking into account the length of time for filing opposition and reply papers and for the court to review and decide the summary judgment motion, it is unlikely that trial in the Adversary Action will be held in the next six months. On the other hand, deposition and other discovery will be moving forward in the other adversary actions; but, if a discovery stay was granted against plaintiff Wilton in this adversary action, Wilton would be unable to participate in that discovery, thereby either denying Wilton the right to obtain that discovery or resulting in subsequent duplicative deposition and other discovery

8

inconvenient to witnesses, and, in any event, delaying proceedings in the instant action, all to the detriment and prejudice of plaintiff Wilton.

<u>Defendant Debtor Jeffery</u> ¶*19. A stay of the proceedings in the matter pending the final adjudication of the Artesanias Adversary will result in a significant savings of resources of both the parties and this Honorable Court.*

Plaintiff Wilton Response. Denied. A stay of the proceedings will not result in significant cost savings. Rather, a stay of proceedings would result in increased costs and inconvenience as deposition and other discovery will be moving forward in the other actions, as to which plaintiff Wilton would be unable to participate, thereby entailing or leading to subsequent duplicative deposition and other discovery inconvenient to witnesses, and, in any event, delaying proceedings in the instant action, all to the detriment and prejudice of plaintiff Wilton.

WHEREFORE, plaintiff Wilton respectfully requests that this Honorable Court enter an Order denying Defendant Jeffery's Motion for Stay of Proceedings.

Dated: December 15, 2018

        Respectfully Submitted

        /s/John R.K. Solt_____
        JOHN R. K. SOLT, ESQ.
        2045 Westgate Dr., Suite 404B,
        Bethlehem, PA 18017
        Tel: 610-865-2465  Fax: 610-691-2018
        Email: jsolt.soltlaw@rcn.com
        *Attorney for Plaintiff Wilton Armetale, Inc. aka WAPITA, Inc.*

        /s/Barry L. Goldin_____
        BARRY L. GOLDIN, ESQ.
        3744 Barrington Drive, Allentown, PA  18104-1759
        Tel: 610-336-6680  Fax: 610-336-6678
        Email: barrygoldin@earthlink.net
        *Attorney for Plaintiff Wilton Armetale, Inc. aka WAPITA, Inc.*

HAC81212.1WOPPSTAY