# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WILTON ARMETALE, INC. a/k/a WAPITA, INC., <br>     Debtor | Chapter 7 <br> Case No. 16-16779-REF |
| WILTON ARMETALE, INC. a/k/a WAPITA, INC., <br>     Plaintiff <br> vs. <br> IVAN L. JEFFERY, <br>     Defendant | Adversary No. 18-00212-REF |

**AMENDED ANSWER WITH AFFIRMATIVE DEFENSE OF DEFENDANT IVAN L. JEFFERY TO PLAINTIFF WILTON ARMETALE, INC A/K/A WAPITA, INC.'S COMPLAINT FOR BREACH OF FIDUCIARY DUTY, CONSTRUCTIVE FRAUD, AND FRAUD/FRAUDULENT CONCEALMENT**

AND NOW COMES the Defendant, Ivan L. Jeffery ("Defendant"), by and through his undersigned counsel Charles J. Phillips, Esquire, Eden R. Bucher, Esquire and Leisawitz Heller Abramowitch Phillips, P.C., and answers Wilton Armetale, Inc a/k/a WAPITA, Inc.'s Complaint for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment as follows:

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

{01345368 }

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied as stated. The September 29, 2015 letter is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

13. Denied as stated. The October 1, 2015 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

14. Admitted.

15. Denied as stated. The January 19, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

16. Admitted.

17. Denied as stated. The March 4, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

18. Admitted.

19. Admitted.

20. Denied as stated. The March 7, 2016 agreements are documents which speak for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Denied. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in Paragraph 28 and therefore the same are denied.

29. Denied. The March 29, 2018 Settlement Agreement is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly. Denied.

30. Admitted.

31. Denied as stated. The June 1, 2018 Stipulation and Consent Order is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

32. Denied as stated. The June 6, 2018 Order is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

33. Denied. The averment contained in Paragraph 33 is a conclusion of law and and therefore the same is denied.

## BACKGROUND

34. Admitted.

35. Admitted.

36. Denied as stated. By way of further answer, Wilton's financial difficulties were caused by several factors, including restrictions on Wilton's credit facilities.

37. Denied as stated. The testimony of Ed Leibensperger speaks for itself and any attempt to characterize said testimony by Plaintiff is strictly denied.

38. Denied. The averment contained in Paragraph 38 is a speculation and is therefore denied.

39. Denied. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in Paragraph 39 and therefore the same are denied.

40. Admitted.

41. Denied. The averment contained in Paragraph 41 is a conclusion of law to which no response is required and therefore the same is denied.

42. Denied. The averment contained in Paragraph 42 is a conclusion of law to which no response is required and therefore the same is denied.

43. Admitted.

44. Admitted.

45. Denied as stated. The February 5, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

46. Denied as stated. The subsequent February 5, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

47. Denied as stated. The February 15, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

48. Denied as stated. The February 24, 2016 8:31 a.m. email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

49. Denied as stated. The February 24, 2016 8:50 a.m. email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

50. Denied as stated. The February 25, 2016 11:25 a.m. email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

51. Denied as stated. The Declaration of Joanne Haas is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

52. Denied as stated. The February 8, 2016 exchange of emails is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

53. Denied as stated. The February 10, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

54. Denied as stated. The February 12, 2016 letter is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

55. Denied as stated. The February 17, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

56. Denied as stated. The February 23, 2016 email and attached confidential memorandum are documents which speak for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

57. Denied as stated. The February 23, 2016 5:17 p.m. email and attached letter are documents which speak for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

58. Denied as stated. The February 24, 2016 emails are documents which speak for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

59. Denied as stated. The February 24-25, 2016 emails are documents which speak for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

60. Denied as stated. The February 25, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

61. Admitted in part and denied in part. It is admitted that North Mill required that all proceeds from the sale of Wilton assets be paid by Gordon Brothers directly to North Mill. The remainder of the averments contained in Paragraph 61 are denied as the Defendant was not privy to North Mill's decision making and therefore is without sufficient knowledge to form a belief as to the truth thereof.

62. Admitted in part and denied in part. It is admitted that by March 2, 2016, North Mill sought approval from Jeffery for sale of all Wilton's non-real estate assets to North Mill's hand-picked liquidator Gordon Brothers. The remaining characterizations contained in Paragraph 62 are denied.

63. Denied as stated. The March 2, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

64. Denied as stated. The March 2, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

65. Denied as stated. The March 3, 2016 1:01 p.m. email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

66. Denied as stated. The March 7, 2016 Amendment to Participation Agreement is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

67. Denied as stated. The March 2, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied. By way of further

answer, the testimony of North Mill's Senior Vice President Tom Siska speaks for itself and any attempt to characterize said testimony by Plaintiff is strictly denied.

68. Denied as stated. The "Consent of Sole Shareholder and Sole Director of Wilton Armetal, Inc. in lieu of Special Meeting" effective as of March 7, 2016 is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

69. Admitted.

70. Admitted.

71. Denied as stated. The March 22, 2016 and March 29, 2016 letters are documents which speaks for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

72. Denied as stated. The April 1, 2016 email and January 6, 2017 Lightburn Affidavit are documents which speaks for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

73. Denied as stated. The January 6, 2017 Lightburn Affidavit is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

74. Denied as stated. The January 6, 2017 Lightburn Affidavit is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

75. Denied as stated. The January 6, 2017 Lightburn Affidavit is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

76. Denied as stated. The January 6, 2017 Lightburn Affidavit is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

77. Denied as stated. The January 6, 2017 Lightburn Affidavit is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

78. Denied. The Defendant is without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 78 and therefore the same are denied.

79. Denied. It is strictly denied that Gordon Brothers paid little or nothing for the assets of Wilton.

80. Denied. The averments contained in Paragraph 80 are conclusions of law to which no response is required and therefore the same are denied.

81. Denied as stated. The March 2, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

82. Admitted in part and denied in part. It is admitted that on April 6, 2016 North filed proceedings in Lancaster County for confession in favor of North Mill against Wilton. The remainder of the averments contained in Paragraph 82 are conclusions of law to which no response is required and therefore the same are denied.

83. Admitted.

84. Denied. The averments contained in Paragraph 84 are conclusions of law to which no response is required and therefore the same are denied.

85. Denied as stated. It is denied that the North Mill confessed judgments were inflated and strict proof thereof is demanded at the time of trial in this matter.

86. Denied as stated. The May 3, 2016 email is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

87. Denied as stated. The averments contained in Paragraph 87 are conclusions of law to which no response is required and therefore the same are denied.

88. Denied. The averments contained in Paragraph 88 are conclusions of law to which no response is required and therefore the same are denied.

89. Denied as stated. The emails, letters, and others documents referenced are documents which speaks for themselves and any attempt to characterize said documents by Plaintiff is strictly denied.

90. Denied as stated. By way of further answer, it is admitted that the May 2016 document requests and the May 2016 letters were received.

91. Denied as stated. The June 24, 2016 letter is a document which speaks for itself and any attempt to characterize said document by Plaintiff is strictly denied.

92. Denied. The averments contained in Paragraph 92 are conclusions of law to which no response is required and therefore the same are denied.

93. Denied. It is strictly denied that any misrepresentations were made and strict proof thereof is demanded at the time of trial in this matter.

94. Denied. It is strictly denied that any misrepresentations were made and strict proof thereof is demanded at the time of trial in this matter.

95. Denied. The averments contained in Paragraph 95 are conclusions of law to which no response is required and therefore the same are denied.

96. Denied. The averments contained in Paragraph 96 are conclusions of law to which no response is required and therefore the same are denied.

## COUNT 1
**Breach of Fiduciary Duty**

97. The Defendant hereby incorporates his answers set forth in Paragraphs 1 through and including 96 hereinabove as though the same were set forth here in their entirety.

98. Denied. The averment contained in Paragraph 98 is a conclusion of law to which no response is required and therefore the same is denied.

99. Denied. The averments contained in Paragraph 99 are conclusions of law to which no response is required and therefore the same are denied.

100. Denied. The testimony of Jeffery at his 341 meeting on December 5, 2016 speaks for itself and any attempt to characterize said testimony by Plaintiff is strictly denied.

101. Denied. The averments contained in Paragraph 101 are conclusions of law to which no response is required and therefore the same are denied.

102. Denied. The averments contained in Paragraph 102 are conclusions of law to which no response is required and therefore the same are denied.

103. Denied. The averments contained in Paragraph 103 are conclusions of law to which no response is required and therefore the same are denied.

104. Denied. The averments contained in Paragraph 104 are conclusions of law to which no response is required and therefore the same are denied.

105. Denied. The averments contained in Paragraph 105 are conclusions of law to which no response is required and therefore the same are denied.

106. Denied. This averment is a conclusion of law to which no response is required and therefore the same is denied.

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court enter judgment in his favor and against the Plaintiff, dismiss the Complaint of Wilton Armetale, Inc a/k/a WAPITA, Inc.'s for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment, and grant such other and further relief as the Court deems just.

## COUNT 2
### Constructive Fraud

107. The Defendant hereby incorporates his answers set forth in Paragraphs 1 through and including 106 hereinabove as though the same were set forth here in their entirety.

108. Denied. The averment contained in Paragraph 108 is a conclusion of law to which no response is required and therefore the same is denied.

109. Denied. The averments contained in Paragraph 109 are conclusions of law to which no response is required and therefore the same are denied.

110. Denied as stated. The testimony of Jeffery at his 341 meeting on December 5, 2016 speaks for itself and any attempt to characterize said testimony by Plaintiff is strictly denied.

111. Denied. The averments contained in Paragraph 111 are conclusions of law to which no response is required and therefore the same are denied.

112. Denied. The averments contained in Paragraph 112 are conclusions of law to which no response is required and therefore the same are denied.

113. Denied. The averments contained in Paragraph 113 are conclusions of law to which no response is required and therefore the same are denied.

114. Denied. The averments contained in Paragraph 114 are conclusions of law to which no response is required and therefore the same are denied.

115. Denied. The averments contained in Paragraph 115 are conclusions of law to which no response is required and therefore the same are denied.

116. Denied. The averments contained in Paragraph 116 are conclusions of law to which no response is required and therefore the same are denied.

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court enter judgment in his favor and against the Plaintiff, dismiss the Complaint of Wilton Armetale, Inc a/k/a WAPITA, Inc.'s for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment, and grant such other and further relief as the Court deems just

## COUNT 3
### Fraud/Fraudulent Concealment

117. The Defendant hereby incorporates his answers set forth in Paragraphs 1 through and including 116 hereinabove as though the same were set forth here in their entirety.

118. Denied. The averment contains in Paragraph 118 is a conclusion of law to which no response is required and therefore the same is denied.

119. Denied. The averments contained in Paragraph 119 are conclusions of law to which no response is required and therefore the same are denied.

120. Denied. The averments contained in Paragraph 120 are conclusions of law to which no response is required and therefore the same are denied.

121. Denied as stated. The averments contained in Paragraph 121 are conclusions of law to which no response is required and therefore the same are denied.

122. Denied. The averments contained in Paragraph 122 are conclusions of law to which no response is required and therefore the same are denied.

123. Denied. The averments contained in Paragraph 123 are conclusions of law to which no response is required.

124. Denied. The averments contained in Paragraph 124 are conclusions of law to which no response is required and therefore the same are denied.

125. Denied. The averments contained in Paragraph 125 are conclusions of law to which no response is required and therefore the same are denied.

126. Denied. The averments contained in Paragraph 126 are conclusions of law to which no response is required and therefore the same are denied.

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court enter judgment in his favor and against the Plaintiff, dismiss the Complaint of Wilton Armetale, Inc a/k/a WAPITA, Inc.'s for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment, and grant such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSE

1. Count I of Plaintiff's Complaint is a claim for breach of fiduciary duty against the Defendant relating to alleged conduct of the Defendant that occurred prior to the filing of the Defendant's bankruptcy case on July 15, 2016 to Case No. 16-15037 (the "Defendant's Bankruptcy Case").

2. Count II of the Plaintiff's Complaint is a claim for constructive fraud against the Defendant relating to alleged conduct of the Defendant that occurred prior to the filing of the Defendant's Bankruptcy Case, and the alleged misrepresentations regarding same and the supposed failure of the Defendant and his counsel to timely produce evidence thereof.

3. Count III of the Plaintiff's Complaint is a claim for fraud/fraudulent concealment against the Defendant relating to alleged conduct of the Defendant that occurred prior to the filing of the Defendant's Bankruptcy Case, and the alleged misrepresentations regarding same and the supposed failure of the Defendant and his counsel to timely produce evidence thereof.

4. Pursuant to 11 U.S.C. §523(a)(4), a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity.

5. 11 U.S.C. §523(c)(1) provides as follows:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines

such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

6. The deadline for creditors to file a complaint objecting to the Defendant's discharge and to determine dischargeability of a debt in the Defendant's Bankruptcy Case was January 21, 2017.

7. The Plaintiff did not file a complaint objecting to the Defendant's discharge or to determine the dischargeability of a debt in the Defendant's Bankruptcy Case by the January 21, 2017 deadline.

8. Therefore, the claims of the Plaintiff against the Defendant set forth in the Plaintiff's Complaint are dischargeable in the Defendant's Bankruptcy Case.

WHEREFORE, the Defendant, Ivan L. Jeffery, respectfully requests that this Honorable Court enter judgment in his favor and against the Plaintiff, dismiss the Complaint of Wilton Armetale, Inc a/k/a WAPITA, Inc.'s for Breach of Fiduciary Duty, Constructive Fraud, and Fraud/Fraudulent Concealment, and grant such other and further relief as the Court deems just.

Respectfully submitted,

LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.

Dated: December 27, 2018       By:    /s/ Charles J. Phillips
                                      Charles J. Phillips, Esquire
                                      2755 Century Boulevard
                                      Wyomissing, PA 19610
                                      Phone: 610-372-3500
                                      Fax: 610-372-8671
                                      Attorneys for Defendant, Ivan L. Jeffery