# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Ivan L. Jeffery, | : | Chapter 7 |
| | : | |
| Debtor | : | Bky. No. 16-15037 |
| | : | |
| Artesanias Hacienda Real S.A. de C.V., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Ivan L. Jeffery, | : | |
| | : | |
| Defendant | : | Adv. No. 17-028 |
| | : | |

---

| | | |
|---|---|---|
| In re  Wilton Armetale, Inc. a/k/a WAPITA, Inc, | : | Chapter 7 |
| | : | |
| Debtor | : | Bky. No. 16-16779 |
| | : | |
| Wilton Armetale, Inc. a/k/a WAPITA, Inc, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Ivan L. Jeffery, | : | |
| | : | |
| Defendant | : | Adv. No. 18-212 |

## ORDER DENYING MOTIONS TO DISQUALIFY AND SETTING STATUS HEARING

**AND NOW**, upon consideration of the Plaintiffs' (Wilton Armetale, Inc. and Artesanias Hacienda Real S.A. de C.V.) Motions to Disqualify the Leisawitz Heller Law Firm from Serving as Counsel to Defendant Ivan Jeffery in the above captioned two adversary

proceedings (doc. # 44 in adversary no. 18-212 and doc. no. 121 in adversary no. 17-028, collectively the "Motions"),[1] and the Responses thereto, it is hereby **ORDERED** that the Motions are **DENIED**. *

It is further **ORDERED** that a status hearing with regard to the above captioned adversary proceedings will be held telephonically on **June 10, 2020 at 2:00 p.m.**

**Date: May 26, 2020**

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

---

[1] The pleadings filed in these two adversary proceedings are substantially the same.

**\* E N D  N O T E**

Initially, I point out that the Plaintiffs attach 488 pages of exhibits and 61 documents to their Brief. See doc. 119 in adversary proceeding 17-028. The Motions fail to identify any relevant documents contained in these voluminous exhibits and it is not the Court's duty to sift through evidence looking for relevant information. See e.g. Nippo Corp./Intern.Bridge Corp. v. AMEC Earth & Environmental, Inc., 2011 WL 4401682, at \*6 fn. 62 (E.D. Pa. Sep. 21, 2011) (citation omitted).

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

The Leisawitz Heller Law Firm (the "Firm") was counsel for both Wilton Armetale, Inc. ("Wilton," the Debtor in bankruptcy case no. 16-16779) and Wilton's Director and sole shareholder, Ivan Jeffery (the Debtor in bankruptcy case no. 16-15037) from September, 2010 to May, 2016 and represented the parties in, among other transactions, the sale of Wilton's assets to North Mill. Wilton and its primary secured creditor, Artesanias Hacienda Real S.A. de C.V ("Artesanias," together with Wilton, the "Plaintiffs") contend that this sale was collusive and fraudulent. Motion at 9 in adversary 17-28 (doc. no. 121).

Since 2016 - when Jeffery and Wilton's bankruptcies were filed (on July 15, 2016 and September 26, 2016, respectively) - the Firm has continued to represent Jeffery both in his bankruptcy and in these two adversary proceedings (which were filed on September 14, 2018 (18-212) and January 19, 2017 (17-28)). The Firm no longer represents Wilton.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

Jeffery asserts that the Plaintiffs lack standing to bring the Motions because neither entity is presently represented by the Firm. Response at 12. While the Third Circuit has not

1

definitively decided the issue of whether a party other than the one represented has standing to bring a motion to disqualify, the Circuit Court has recognized that such "rigid standing" requirements have mostly been rejected.  In re Pressman-Gutman Co., Inc., 459 F.3d 383, 402 n.20 (3d Cir. 2006).  And while the question of whether a third party has standing to bring a motion to disqualify counsel remains unsettled, a number of courts in this Circuit have conferred standing to non-client litigants seeking opposing counsel's disqualification. E.g., Tibbott v. N. Cambria Sch. Dist., No., 2017 WL 2570904, at *4 (W.D. Pa. June 13, 2017)  (assuming standing *arguendo*, due to existence of conflicting authority); In re Gress, 2015 WL 1744165, at *4 (Bankr. M.D. Pa. Apr. 14, 2015) (same).

Neither party here engages in extensive discussion of the issue of standing.

Based the above cited law, I conclude that lack of standing is not a viable basis on which to deny the Motions.

 * * * * * * * * * * * *

Substantively, the Plaintiffs allege that the Firm should be disqualified due to an inherent and pervasive conflict of interest stemming both from the Firm's prior representation of Wilton and the fact that the Firm's attorneys would be necessary witnesses at any trial in these matters.

The party seeking the disqualification of counsel "bears the burden of proof on a motion to disqualify and must demonstrate that continuing representation would be impermissible." In re David Cutler Indus., Ltd., 432 B.R. 529, 540 (Bankr. E.D. Pa. 2010) (internal quotation and citation omitted).

Pennsylvania Rule of Professional Conduct Rule 1.7, cited by the Plaintiffs, prohibits a concurrent conflict of interest and thus does not apply to this matter because there is no

2

allegation that the Firm is *now* representing both Wilton and Jeffery.

While Pennsylvania Rule of Professional Conduct 1.9, also cited in the Motions, does prohibit a conflict of counsel with a *former* client ("a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in <u>the same or a substantially related</u> matter in which that person's interest are materially adverse to the interests of the former client . . .") (emphasis added), I cannot conclude, based on the pleadings and available information, that the Firm's current representation of Jeffery is substantially related to its prior representation of Wilton.

While the Plaintiffs allege that the Firm "arranged the transactions in which North Mill agreed to pay Jeffery 20% of net proceeds" (Memorandum at 11) - an allegation that is relevant to the current litigation which alleges, *inter alia*, fraud, breach of fiduciary duty, and collusive behavior in relation to the North Mill transaction - Jeffery is equally adamant that the Firm did not engage is such conduct. Response at 7-8.

A determination that a "substantial relationship" warrants disqualification of counsel requires a "critical factual analysis" that includes analysis of "the nature and scope of the prior representation." <u>In re David Cutler Indus., Ltd.</u>, 432 B.R. 529, 542–43 (Bankr. E.D. Pa. 2010). These facts are not in focus in this matter and, as discussed below, exploration is not warranted because the Motions will be denied on other grounds.

Therefore, the Motions will not be granted based on the allegation that a conflict of interest exists pursuant to Pa. R.P.C. 1.9.

Likewise, the Plaintiffs' assertion that the Firm must be disqualified because its lawyers will be necessary witnesses at trial is misplaced. Pennsylvania Rule of Professional Conduct 3.7

3

provides that "a lawyer shall not act as advocate <u>at a trial</u> in which the lawyer is likely to be a necessary witness." (emphasis added). However, there is "no prohibition against providing representation prior to the trial." <u>Davisair Inc. v. Butler Air, Inc,</u>, 1998 WL 1112611, at * 406 (Ct. Common Pleas Nov. 18, 1998); <u>see</u> <u>also</u> <u>Golomb & Honik P.C. v. Ajaj</u>, 2001 WL 1179423, at *3 (Ct. Common Pleas Apr. 5, 2001) (calling pre-trial motion to disqualify "overbroad and premature"). Rule 3.7 is not yet applicable to these proceedings, which remain at the pre-trial stage.

  * * * * * * * * * * * *

An analysis not of the underlying facts but of the flawed procedural posture of these pleadings yields the conclusion that the Motions must be denied because the Plaintiffs waived their ability to object to the Firm's (now long established) representation of Jeffery.

A party may waive its objection to a conflict of interest by failing timely to file a motion to disqualify. <u>Cubica Grp., LLLP v. Mapfre Puerto Rican Am. Ins. Co. (MAPFRE)</u>, 2012 WL 5331257, at *4 (D.V.I. Oct. 29, 2012). Waiver is a valid basis for denial of a motion to disqualify. <u>Sauer Inc. v. Honeywell Bldg. Sols. SES Corp.,</u> 2012 WL 364050, at *2 (W.D. Pa. Feb. 2, 2012) (citations omitted). A Court must consider the following factors when determining whether a party has waived the right to move for disqualification: "(1) the length of the delay in bringing the motion to disqualify; (2) when the movant learned of the conflict; (3) whether the movant was represented by counsel during the delay; (4) why the delay occurred; and (5) whether disqualification would result in prejudice to the nonmoving party." <u>In re Jet 1 Center, Inc.</u>, 301 B.R. 649, 654 (Bankr. M.D. Fla. 2004).

Here, all factors weigh in favor of determining both that the Plaintiffs sat on their rights in

waiting to file these Motions and, consequently, that the Motions are a tactical move by the Plaintiffs. First, the delay in bringing the Motions (from the time that the Plaintiffs gained knowledge of the representation in question until the time when the Plaintiffs took action) was nearly four years- from mid-2016 (when the two bankruptcies were filed and the Firm began its individual representation of Jeffery) to February 2020 (when the Motions were filed). Second, the movant learned of the potential conflict when the representation began- in 2016 (about four years ago). Third, movants were represented by counsel during the delay. Fourth, as discussed below, I conclude that the delay was likely not based on mere inadvertence. Fifth, disqualification would result in a prejudice to Jeffery, the non-moving party.

These factors point to a conclusion that the Plaintiffs waived their right to seek the Firm's disqualification. See Conley v. Chaffinch, 431 F. Supp. 2d 494, 499 (D. Del. 2006) (finding waiver due to nine month delay); Sauer Inc. v. Honeywell Bldg. Sols. SES Corp., 2012 WL 364050, at *3 (W.D. Pa. Feb. 2, 2012) (citation omitted) (denying motion to disqualify where delay of nine months existed); Worth v. Worth, 2016 WL 7007721, at *9 (E.D. Pa. Nov. 29, 2016) (same); Cubica Grp., LLLP v. Mapfre Puerto Rican Am. Ins. Co. (MAPFRE), 2012 WL 5331257, at *4 (D.V.I. Oct. 29, 2012) (motion to disqualify denied when eight months delayed); Liberate Techs. LLC v. Worldgate Commc'ns, Inc., 133 F.Supp.2d 357, 359 n.2 (D. Del. 2001) (finding that Plaintiff waived any conflict by "wait[ing] several months to bring th[e] issue to the court's attention despite ongoing settlement talks").

Plaintiffs do not present authority to the contrary. Their reliance on Dougherty v. Philadelphia Newspapers, LLC, 85 A.3d 1082, 1089 (Pa. Super. 2014) is misplaced. Contrary to Plaintiffs' contention that the motion to disqualify in Dougherty was filed "more than 18 months

5

after the conflicted law firm had appeared as counsel for defendant," the pleading in that case was actually filed nine months after deferral of the litigation was removed due to the dismissal of a related bankruptcy proceeding. Id. At 1089. There was no indication in Dougherty, as there is here, that the motion was a litigation tactic.

*   *   *   *   *   *   *   *   *   *   *   *

Finally, I note that the filing of these Motions – nearly four years after the cases began and in the midst of highly contentious and protracted litigation – may be considered an effort to gain litigation advantage by setting back and hindering the Defendant. Such a maneuver, not surprisingly, is disfavored. Rohm & Haas Co. v. Am. Cyanamid Co., 187 F.Supp.2d 221, 229–30 (D.N.J. 2001); Kashi v. McGraw-Hill Glob. Educ. Holdings, 2018 WL 4094958, at *5 (E.D. Pa. Aug. 27, 2018).

Tellingly, the Plaintiffs state that "prejudice suffered by Jeffery is irrelevant." Motion at 22 in adversary no. 17-28. Yet there is little question that if Jeffery's counsel were removed – after working on these matters for years and filing and responding to motions to dismiss and for summary judgment – he would suffer prejudice from the delay and lost knowledge. Such prejudice is not irrelevant.

*   *   *   *   *   *   *   *   *   *   *   *

In general, motions to disqualify are disfavored and should be granted only sparingly. Tibbott v. N. Cambria Sch. Dist., No. CV 16-5, 2017 WL 2570904, at *2 (W.D. Pa. June 13, 2017). See also Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (noting that disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary").

      The Firm's representation here is **not** one of those rare cases in which the Court should take the drastic and unusual step of denying a party the right to the counsel of his choice.

      \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*